HARTLEY, appellant, *v.* PRESTON, respondent.

PRACTICE — *amendment of pleading.* A court, in furtherance of justice, and on proper terms, should allow an amendment of a pleading so as to make it correspond with the evidence introduced on trial, at any stage of the proceedings before final judgment, and may do so even after judgment. A refusal to do so may be cause of revising the judgment of the court below. Case of *Wormall* v. *Reins*, 1 Mon. 630, affirmed.

*Appeal from Second District, Deer Lodge County.*

SHARP & NAPTON, for appellant.

J. C. ROBINSON, for respondent.

WADE, C. J. This was an action to foreclose a mortgage, executed by defendant Preston to plaintiff, to secure the payment of a contract for 61 ounces, 2 pennyweights and 6 grains of gold dust, signed by defendant Thornton as surety, and for a deficiency judgment in case the mortgaged property, upon sale thereof, did not pay the debt.

The defendant Thornton in his answer sets up the defense that he signed the contract with Preston as surety merely, and that plaintiff for a valuable consideration entered into an agreement with Preston to extend the time for the payment of the contract for gold dust for the period of thirty days.

To this answer the plaintiff replied, denying its allegations as to any agreement to extend the time of payment, and asking judgment as in the complaint. The cause was tried to the court without a jury, by agreement of parties. At the conclusion of the testimony, the following extract from the record will show what occurred: " Here the testimony closed, and the case was argued and submitted to the court, who took the same under advisement. Before the case was submitted defendant Thornton moved the court to declare and find that the plaintiff had not denied the contract for extension of time for thirty days, for a valuable consideration. And afterward, to wit: on the 22d day of April, 1875, and before the court had passed upon the sufficiency of the replication, made its findings or rendered its judgment in the cause, plaintiff moved the court, upon affidavit, showing cause therefor, for leave to amend the replication herein." Then follow the motion, affidavit and order of the court overruling the motion. Thereupon, on the 4th day of May, 1875, the court made its findings of fact, and rendered judgment in the case, among which findings are the following:

" 1. That under the pleadings it is admitted that the plaintiff, for a valuable consideration, agreed with the defendant Preston to extend the time of payment of said contract for thirty days.

" 2. The court finds that the defendant Thornton was not a party to this agreement for extension of time, and that the same was made without his knowledge or consent."

The exact day when the cause was tried does not appear from the record, but it does appear that the question as to the sufficiency

of the replication was presented to the court upon the argument of the case after the conclusion of the testimony, and that afterward, on the 22d day of April, 1875, and before the court had passed upon the sufficiency of the replication, or made any findings in the case, the plaintiff moved the court for leave to amend his replication, which motion was overruled, and subsequently, on the 4th day of May, findings of fact were made and judgment entered. From these findings, it appears that the court held the replication insufficient, and therefore considered the averments of the answer confessed, and judgment was rendered as on motion for judgment upon the pleadings. It further appears from the record that testimony was submitted to the court upon the matters of defense set up in the answer.

We are unable to see, and there is nothing presented in the record to show why the plaintiff was not permitted to amend his replication, as his affidavit showed that he well could, so as to make the issues in the pleadings correspond with the proof. Even after verdict, and after judgment, in furtherance of justice, pleadings may be amended. We think this case comes within the decision of the case of *Wormall* v. *Reins*, 1 Mon. 630, where it is held : " The court may, in furtherance of justice, and upon such terms as are just, allow the amendment of any pleading at any stage of a proceeding. This power is a discretionary one, and this court cannot review the exercise of the same unless there has been some abuse of that discretion. Courts have frequently permitted pleadings to be amended even after verdict and judgment, to correspond with proofs in the case, and I can see no reason for refusing to allow the amendment of a pleading to make it correspond with the proofs, before the case is submitted to a jury."

The case under consideration was tried to the court by agreement of parties, but the same rules are applicable to it, so far as amendments of pleadings are concerned, as if it had been tried to a jury. If, upon a trial to a jury, at the conclusion of the testimony, upon an issue that both parties had supposed the pleadings presented, the defendant should move the court for judgment upon the pleadings, because the replication failed to deny the defense set up in the answer, the court would necessarily pass

upon such motion before submitting the case to the jury. And if, before passing upon such motion, the plaintiff had asked leave to amend his replication so as to make the issue in the pleadings correspond with the issue tried in the evidence, we can see no objection to granting such motion upon such terms as the court might deem just. If this is the rule applicable to jury trials, we think it conclusive of the case in hand. After the presentation of the question that the replication admitted the defense contained in the answer, which was in effect a motion for judgment on the pleadings, the cause could not have been submitted to the court until the determination of this motion, as it could not have been submitted to a jury under like circumstances, but during the pendency of this motion the plaintiff asks leave to file a reply, raising an issue upon the averments of the answer, and such an issue as had been already tried in the proof. We think such leave ought to have been granted, especially so when the record shows that eleven days elapsed after the first presentation of the question as to the sufficiency of the replication before the court found the facts and rendered judgment in the case.

The respondent, in his brief, contends that the record does not state the facts, and that the appellant, upon the trial, was granted leave by the court to amend his replication, which he declined. If there was any thing in the record upon which we could base a well-grounded suspicion that this was the case, the judgment would be affirmed at once, for parties cannot refuse to amend pleadings when the opportunity is given at the right time, and then, upon an intimation of a decision against them, claim the privilege. But we have given a faithful representation of the facts contained in the record, and there is no intimation contained in it that the plaintiff ever had an opportunity to amend his pleadings. It is needless to say that we must determine the case upon the record presented here, but we must add that, if the facts are as represented, the attorney for the respondent is responsible for their omission from the transcript. The statement, upon motion for a new trial, which purports to contain a complete record of the case, was settled and agreed upon by the attorneys of the parties as correct, and the court was not called upon to settle such

statement, and did not, because the attorneys of the respective parties agreed as to what it should contain.

Judgment reversed and cause remanded.

*Judgment reversed.*

BLAKE, J., concurred.

KNOWLES, J., dissenting. I feel called upon to dissent in this case from the opinion expressed by a majority of the court. It is agreed that the record does not show the date of the trial of the cause. It does show, however, that on the argument of the cause plaintiff's attention was called to the fact that his replication did not fully traverse the answer of the defendant Thornton. The record then goes on to set forth as follows: "And afterward, to wit, on the 22d day of April, A. D. 1875, and before the court had passed upon the sufficiency of the replication, made its find, ings or rendered judgment in the cause, plaintiff moved the court upon affidavit showing cause therefor, for leave to amend his replication herein." I submit, that by no fair construction of this language can it be made to show that the application to amend the replication was made before the cause was submitted on its merits. It states what events had not taken place in the case when plaintiff applied to amend his replication. The submission of the cause is not one of them. The events named might all have occurred after the submission of the cause. The record ought to show, affirmatively, error, before a cause should be reversed.

All presumptions in an appellate court should be in favor of the correctness of the ruling in the court below.

As the record does not disclose that this application was made to amend before the cause was submitted on its merits, this court ought to presume that it was made afterward. It certainly ought not to presume that it was made before that event. Taking as a basis that this amendment was applied for after the cause was submitted, was there any abuse of discretion on the part of the court below in refusing to grant the plaintiff permission to amend his pleadings? His attention had been called to the fact that his replication did not fully traverse defendant Thornton's answer. He chose, notwithstanding this, to submit the case as the plead-

ings then stood.   Afterward he changed his mind, and asked permission to amend his replication.   If a party has elected to submit a cause to a jury, on defective pleadings, of which he had knowledge, would any rightly informed person hold that while the jury were out considering their verdict he ought to have the privilege to come into court and say he had changed his mind and concluded to amend his pleadings, and had really the ability under oath to make a complete traverse of defendant's answer, the court ought to recall the jury and permit him to amend?

In my judgment to allow an amendment at such a stage, under such circumstances, would be a gross abuse of the legal discretion conferred upon a court in relation to that subject.   Certainly, it ought not to be considered an abuse of discretion to refuse to allow said amendment at that time.   There is no difference in principle between a case submitted to a jury and one submitted on its merits to the court.

As I view this case the majority of the court have held in fact, whether or not they so intended to hold, that whenever, at any stage of the proceedings, a party comes into court and shows that he has a good defense, which his attorneys have failed to set up, even though the stage should be after the cause was submitted to a jury or court, on its merits, the party should be allowed to amend and set up this defense.   And if the court should refuse to allow this it would be guilty of a gross abuse of its legal discretion.

Such a rule I cannot acquiesce in.   The case of *Wormall* v. *Reins*, 1 Mon. 630, is not in point.   That was a case where the cause was tried as though a certain issue was made in the pleadings, which was not.   When it was discovered that it was not the plaintiff applied for leave to amend the pleadings so as to make this issue.   This amendment was applied for and made before the cause was submitted to the jury.   The granting permission to make this amendment was assigned as error by the defendant. This court held in that case that there was no abuse of discretion in allowing this amendment.   But it did not hold that if the court had refused to allow this amendment it would have been guilty of a gross abuse of judicial discretion.   Nor is this the case where a cause was tried and evidence introduced on both sides, as

though an issue was in the pleadings, which was not. Before the trial was in fact finished the record shows that this point was raised, and it does not show that the plaintiff at that time offered to amend and make the issue in the case which was not there and which he was informed was not. And as I have said, as this fact does not appear, it should be presumed in this court that he did not then apply to amend his pleadings, but at some subsequent period. No authorities were cited by the majority of the court to show that at any stage of a judicial proceeding a party has the absolute right to amend his pleadings and make a new issue, upon a showing that his attorneys have neglected to do so, and that he has the ability to make it, and I think none can be cited. Yet, if a party has the absolute right, under the facts and necessary presumptions in this case, to amend, I can hardly conceive of any case in which he should not have this right. This does away with the rule that the allowing of amendments in such cases rests in the legal discretionary power of the court. Or it establishes a still more harsh rule, namely, that in all cases similar to this, and resting upon analogous facts, it would be a gross abuse of the legal discretion vested in a court, not to allow the amendment.

Believing that either of these rules would be wrong, and contrary to the whole current of legal authorities upon the subject, authorities upon these points that are so well known to the profession that I need not quote them, I hold that the judgment of the court below ought to have been confirmed.