Argued October 27, 1930; affirmed February 24, 1931

## BROWN *v.* BECKER
(295 P. 1113)

*R. B. Parsons*, of Klamath Falls, for appellant.
*M. R. Elliott*, of Prineville, for respondent.

RAND, J. This is an action in replevin which was commenced in the circuit court for Crook county on June 26, 1929, to recover possession of certain cattle and horses. The complaint alleged plaintiff's ownership and right to the immediate possession of the animals described in the complaint and that defendant wrongfully and unlawfully took possession of said animals and now withholds possession thereof from plaintiff in Crook county, and demands judgment for damages and for the return of the property. The answer admitted and denied as follows: "Admits that plaintiff is and was prior to the 24th day of June, 1929, the owner of the property set forth and described in paragraph I of the said complaint; denies that plaintiff was entitled to the immediate possession of said property on the said 24th day of June, 1929," and alleged the following as an affirmative defense to the action:

"That on the 24th day of June, 1929, the cattle and horses described in paragraph I of the complaint herein, entered upon certain enclosed lands belonging unto the defendant, that said lands were enclosed with a lawful fence, and that said entry by said cattle and horses was without the consent of the defendant; that thereafter, and to wit, on the same day this defendant took up said cattle and horses in the manner as provided by law, and put them in an enclosed corral on his premises; that he thereafter and continuously until the plaintiff took possession of said cattle and horses under the writ of replevin issued herein, fed and watered said cattle and horses with sufficient food and water; that plaintiff took possession of said cattle and horses under said writ in less than three days after said trespass and the taking up thereof by this defendant; that the plaintiff did not file a bond, or any bond, for the payment of the damage done by said stock and horses by reason of said trespass, before filing this action."

The answer containing said affirmative defense was filed on August 17, 1929, but no motion, demurrer or reply thereto was filed by plaintiff until March 24, 1930, when a reply was filed which denied generally the affirmative allegations of the answer. On said March 24, 1930, the cause having been set for trial on that day, plaintiff moved for permission to file a reply denying the new matter contained in the answer and at the same time defendant moved for a judgment on the pleadings because of plaintiff's failure to reply. Defendant's motion for judgment on the pleadings was overruled and permission was granted to plaintiff to file the reply. Thereupon, the cause was tried to the court without the intervention of a jury and plaintiff had judgment as prayed for in the complaint, and defendant has appealed.

 It appears from the bill of exceptions that, after the filing of the reply and when the case was called for trial, defendant moved the court that the reply be stricken from the files and objected to the taking of testimony upon the ground that the reply had not been filed within the time allowed by the rules of that court and that the court denied the motion and overruled the objection. It also appears from the bill of exceptions that no other question was presented or passed upon by the court and, hence, the only question presented here is whether it was within the sound judicial discretion of the trial court to permit a reply to be filed under the circumstances stated.

Oregon Code 1930, § 1-701, provides that:

"The answer or demurrer to the complaint shall be filed with the clerk by the time required to answer, and the demurrer, or reply thereto, as the case may be, must in like manner be filed by the first day of the

next term of the court, or within one day after the filing of the answer or demurrer to the complaint, if the same be filed in term time,'' etc.

Oregon Code 1930, § 1-907, provides that:

''The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this code, or by an order enlarge such time;'' etc.

It has been uniformly held that the relief granted by the section last referred to rests in the sound judicial discretion of the trial court and only a manifest abuse thereof is reviewable on appeal, and that this discretion is to be exercised in accordance with the spirit of the law and in a manner to subserve and not to defeat the ends of justice; that the section is remedial and should receive a liberal construction so as to subserve justice. And so it was held in *Chapman v. Multnomah County,* 63 Or. 180 (126 P. 996), that, in the absence of a showing excusing the delay in the filing of a reply, this court will not review the action of the trial court in refusing to permit a reply to be filed after the time provided in the code, and it was also held in *Bank of Beaverton v. Godwin,* 124 Or. 166 (264 P. 356), that where a pleading was filed after the time allowed by the code by leave of the court, the action of the court in permitting such filing could not be disturbed upon the appeal. Neither the bill of exceptions nor the records and files of the case show that the action of the trial court in permitting the reply to be filed in the instant case was an abuse of discretion.

Another point urged by defendant is that, under the facts affirmatively alleged in the answer,

plaintiff could not lawfully obtain possession of the animals without giving an undertaking as provided for in Oregon Code 1930, § 38-113, and that, no such under-taking having been given, this action cannot be maintained. It is clear that the defense which defendant intended to interpose was that defendant had seized and impounded plaintiff's cattle in order to exact compensation for the damages resulting from their trespass upon his enclosed lands. The remedy thus sought was the common law remedy, as altered by statute, of distraining another's cattle damage feasant to procure satisfaction for the wrong committed. Oregon Code 1930, § 38-113, provides:

"Any person or persons sustaining any damage done by any animal mentioned in section 38-108, and whose premises where such damage was done was at the time inclosed with a lawful fence, as provided for in section 38-109, may recover the same in an action before any court having jurisdiction; and the animals so trespassing may be taken and held as security for the payment of such damage and cost; provided, that the owner may recover possession of the animal so taken and held upon executing to the person or persons holding the same a good and sufficient under-taking, in a sum not less than double the value of the animal or animals so held, with one or more sufficient sureties, conditioned that the owner will pay all costs and damages which the plaintiff may recover in said action; and provided further, that any person or persons holding any animal under the provisions of this act shall, while the same are so held, supply said animal with sufficient care, food, and water; and provided further, that the person so holding said animal shall, within three days after taking the same, notify the owner of said animal, if known, or can with reasonable diligence be ascertained, which notice may be served as provided by law for the service of a summons in an ordinary action in a justice's court, and the same

fee taxed for the service of said notice as therein provided for service of a summons, and recovered as costs in the action."

The section next following makes the provision of the section quoted applicable to Crook county. Under this section, if strictly complied with, the distraint would be lawful and the distrainer would have "the right to defend his possession to the same extent that a sheriff has to defend the possession of property taken by him on legal process." And "the owner cannot maintain replevin until he has complied with the conditions imposed on him by the statute": 3 C. J., pp. 142 and 143. However, the new matter of the answer was denied and the case went to trial upon the issues thus raised and plaintiff had judgment. There is no transcript of the testimony here and the bill of exceptions before us contains no statement of the testimony offered upon the trial. In the absence of such testimony, we are unable to say that the defendant, upon whom the burden rested of establishing the defense, established it upon the trial. The evidence not being before us and no error being shown, the presumption that the proceedings of the trial court were regular and that the judgment entered was proper must prevail. From this it follows that the judgment appealed from must be affirmed.

BEAN, C. J., and KELLY, J., concur.