**BALABANOFF v. KELLOGG et al.**

No. 9419.

Circuit Court of Appeals, Ninth Circuit.

Dec. 10, 1940.

Rehearing Denied Jan. 15, 1941.

MATHEWS, Circuit Judge, dissenting.

W. H. Metson and P. H. McCarthy, Jr., both of San Francisco, Cal., for appellant.

W. N. Cuddy and Roy Bunn, both of Anchorage, Alaska, and E. Coke Hill, of San Francisco, Cal., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellees (here for convenience called the Company) sued to enjoin appellant from diverting the waters of Nugget creek in Yentna mining district, Alaska, and from trespassing upon a ditch alleged to be the property of the Company. From a decree in the Company's favor this appeal is prosecuted.

The complaint contains in substance the following averments:—The Company owns placer claims on and adjacent to Nugget creek. It is engaged in hydraulic mining on certain of these claims and is using the waters of the stream in its operations. The diversion is accomplished through a ditch belonging to the Company, known as the "Old Company" ditch, and the waters so diverted are necessary to the operations described. The Company owns a second ditch which it is not presently using known as the "Price Ditch", taken out on the opposite limit of the same stream at a point above the intake of the Old Company ditch. Appellant is engaged in placer mining on certain claims below the source of these ditches and is constructing a flume to the intake of the Price Ditch and other works to connect therewith, and is threatening thereby to divert the creek waters to the irreparable injury of the Company. There are other allegations not here noticed. The complaint concludes with a prayer for injunctive and for general equitable relief.

Appellant answered and the case proceeded to trial. The evidence introduced on both sides was directed toward the question of the relative priorities of the parties in the stream; and it is plain that the cause was tried and submitted on the theory that such was the matter at issue between them. The court found that the predecessors in interest of the Company, prior to the year 1917, had appropriated the waters of the creek and used the same in their mining operations to the extent of 360 miner's inches, measured in accordance with the California definition of the miner's inch, and that such appropriation was prior to any made by appellant. The decree granted the Company a prior right to this extent and enjoined appellant from diverting the waters of the stream in such manner as to prevent the Company from exercising its right. Appellant was decreed to have rights in the stream to the extent of 300 miner's inches junior to the appropriation of the Company.

It is urged that the evidence does not support the findings and decree, but we think otherwise. The testimony tends to show that the Old Company ditch was the earliest on the stream, construction of it having been commenced by appellees' predecessors in interest about 1908 or 1909. It has never been enlarged. The ditch was in substantial use at an early date; and certainly not later than 1916 the owners were diverting through it and using in their operations the whole of the normal flow of the creek. The same is true of the Company's more recent use. The normal flow of the stream (meaning apparently the average flow during the mining season) was variously estimated by the witnesses at from 300 to 900 miner's inches. Exact measurements were not taken, either of the volume of water in the creek or of the quantity used in the Company's hydraulic operations. But scientific accuracy is too much to expect in cases of this character arising in that primitive country.

Appellant's claims are riparian. Until 1937 his operations and those of his predecessors had been confined largely to ground-sluicing—that is, shoveling the gravel into sluice boxes and using the creek water to wash it through. The water so used appears to have been such as flowed past the intake of the Price and Old Company ditches above. The evidence does not indicate that such use originated as early as the appropriation initiated by the predecessors of the Company. The only conflict on this point concerns the quantity of water originally diverted through the Old Company ditch, appellant's witnesses testifying that not more than 100 inches were taken through it in the early years. However there is persuasive evidence of a much more extensive use during that period. In 1938 appellant built a dam across the stream above the intake of the Old Company ditch, currently in use by appellees, and diverted water in such quantity that the operations

of the Company were practically brought to a halt.

We turn to other arguments advanced by appellant. He contends (1) that the complaint fails to state a cause of action, (2) that there was no valid appropriation of water by the predecessors of the Company for the reason that no notice of appropriation was given, (3) that there was an abandonment of the appropriation made by appellees' predecessors, and (4) that appellant, as riparian owner, has a superior right to the flow of the stream.

In the absence of appropriate attack upon it we think the complaint must be held to state facts sufficient to entitle appellees to some relief. There was no objection to the introduction of evidence relative to priorities. No motion was made at the conclusion of the case directed toward the insufficiency of the pleading. And, as already noted, the cause was tried and submitted on the theory that the matter at issue was the relative priorities of the parties in the stream. No good purpose would be served by sending the case back. We here treat the complaint as amended to conform to the proof.

The principle of appropriation is applicable in Alaska and riparian rights are not there recognized in the absence of special statute. Van Dyke v. Midnight Sun Mining & Ditch Company, 9 Cir., 177 F. 85. The laws of the territory do not require the posting or recording of notice of appropriation of water and formal notice is not essential to the validity of an appropriation. Van Dyke v. Midnight Sun Mining & Ditch Company, supra.

On the question of abandonment, while the proof does not go to the extent of showing a continuous and uninterrupted user of the appropriated waters, neither does it disclose an absence of user except perhaps during brief periods of a year or two in the twenties. Mere absence of evidence of user is not in itself proof that the right has been abandoned. There was no showing such as would support a finding to that effect.

A territorial statute enacted in 1917 (§ 367, Compiled Laws of Alaska, 1933) provides in substance that the locator of a mining claim which includes within its boundaries both banks of a stream shall, in the absence of any prior location and appropriation of the waters of such stream, be entitled as against all subsequent appropriators to the use of as much of the waters thereof as are necessary for the mining of his claim. To a limited extent the statute enacts the law of riparian rights. It is clear that the statute has no ex post facto force. Prior to its enactment, as we have pointed out, the doctrine of riparian rights did not apply in the territory.

Affirmed.

MATHEWS, Circuit Judge (dissenting).

This appeal is from part of a decree—the part which was in favor of appellees and against appellant. That part of the decree was based on a finding that appellees and their predecessors in interest made an appropriation of the waters of Nugget Creek prior to the year 1917. The finding was based on nothing at all. Appellees did not allege, prove or attempt to prove that they or their predecessors in interest ever made an appropriation of the waters of Nugget Creek or any part thereof. So much of the decree as is here appealed from should be reversed.

On Petition for Rehearing.

HEALY, Circuit Judge.

Appellant has petitioned for rehearing. The chief proposition urged in support of the petition is that the court lacked power to treat the complaint as amended to conform to the proof. Petitioner says that the governing rule is contained in § 3456, Compiled Laws of Alaska, 1933,[1] and that this statute requires that the amendment be made before submission of the case.

Rule 15(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be

---

[1] "The Court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause, and in like manner and for like reason it may, at any time before the cause is submitted, allow such pleading or proceeding to be amended by striking out the name of any party, or by correcting a mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved."

treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any'time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

Whether the federal rules are applicable to trials in Alaska we need not inquire. This particular rule is merely an application of the principle prevailing generally in the states and territories having systems of code pleading. The Alaska statutes, as found in chapter 78, sections 3451 et seq. of the 1933 Code, are in the main identical with those of the code states. Section 3451 provides: "No variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits * * *". Section 3452 states "When the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs." And § 3461 provides that "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."

The view here expressed is fully supported by Black v. Teeter, 1 Alaska 561, at pages 564, 565.

Rehearing denied.

MATHEWS, Circuit Judge, dissents.