### MERRICK v. HOMER et al.
### No. 5963–A.

United States District Court
D. Alaska, First Div.  Juneau.
Feb. 5, 1949.

William L. Paul, Jr., of Juneau, Alaska, for plaintiff.

R. E. Robertson and Simon Hellenthal, both of Juneau, Alaska, for defendants.

FOLTA, District Judge.

Upon plaintiff's failure to reply to the affirmative defenses set up in the several answers, the time for which had expired November 17, 1948, defendants moved for a judgment on the pleadings. On December 30 plaintiff moved for leave to file the reply tendered with his motion. The motion and supporting affidavit show adequate grounds for an extension, but no excuse whatever for failing to ask for an extension.

Sec. 55-5-77, A.C.L.A. 1949, provides that:

."The court may likewise, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

Defendants contend that the application of the initial clause of the foregoing statute is limited to cases in which application for an extension of time is made within the time allowed by law or rule of court and that plaintiff, having failed to make a timely application, must now meet the requirements of the final clause and show that the failure was due to a mistake, inadvertence, surprise, or excusable neglect. It is apparent that if this view is correct plaintiff cannot make such a showing. While no decision has been found expressly holding that such language is limited to cases in which the time allowed has not expired, the contrary is implicit in several decisions which hold under statutes practically identical with ours that the matter is entirely discretionary. Taylor v. Los Angeles & S. L. R. Co., 61 Utah 524, 216 P. 239; Wallace v. Merfeld, 95 Okl. 296, 219 P. 702; Cummins v. Standard Oil Co,. 132 Kan. 600, 296 P. 731; Spaulding v. Porter, 94 Colo. 496, 31 P.2d 711; Brown v. Becker, 135 Or. 353, 295 P. 1113. In the case last cited, where the reply had not been filed in time, the Court added, 295 P. at page 1114, that "this discretion is to be exercised in accordance with the spirit of the law and in a manner to subserve and not to defeat the ends of justice." In Orange Theatre Corporation v. Rayherstz Amusement Corporation, 130 F.2d 185, 187, the Court of Appeals for the Third Circuit, in dealing with a default, held that the granting of permission to plead after the allotted time is a matter for the discretion of the trial court. To the same effect are McCloskey & Co. v. Eckart, 5 Cir., 164 F.2d 257, and Henry v. Metropolitan Life Insurance Co., D. C., 3 F.R.D. 142. That these decisions of federal courts are predicated on the Federal Rules of Civil Procedure, 28 U.S.C.A., is not a sufficient basis for distinguishing them in view of the fact that such rules are to a large extent patterned after, and hence similar to, the rules of code pleading. Balabanoff v. Kellogg, 9 Cir., 118 F.2d 597, 600.

So far as earlier decisions to the contrary are concerned, such as Lynn v. Knob Hill Improvement Co., 177 Cal. 56, 169 P. 1009; Mantle v. Casey, 31 Mont. 408, 78 P. 591; Chapman v. Multnomah County, 63 Or. 180, 126 P. 996; and Bonnifield v. Thorp, D.C.Alaska, 71 F. 924, it would appear that they not only represent the minority view but that they are at variance with the present day policy of furthering jus-

130

tice by permitting and facilitating the litigation of issues.

Accordingly, leave is granted to plaintiff to file replies of the kind tendered with his motion.