### SHELLEY v. UNION OIL CO. OF CALIFORNIA et al.

#### No. 13300.

United States Court of Appeals
Ninth Circuit.

April 29, 1953.

Bell & Sanders and Bailey E. Bell, Anchorage, Alaska, for appellant.

Davis & Renfrew and Edward V. Davis, Anchorage, Alaska, Plummer & Arnell, Anchorage, Alaska, for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

HEALY, Circuit Judge.

Appellant sued to recover damages suffered in a fall allegedly due to negligence of the appellees in spilling oil on a stairway of the building where appellant worked. A trial by jury eventuated in a verdict adverse to her.

In its Instruction No. 6 the court advised the jury, in substance, that if appellant was herself negligent and if her negligence proximately contributed to the accident and her resulting injuries, she was not entitled to recover. Appellant objected to the instruction on the ground that no issue of contributory negligence had been raised by the answer. The sole question on appeal is whether in this state of the pleadings the submission of the issue was error. We are of opinion that it was not. In arriving at that conclusion we have assumed the correctness of appellant's contention that the issue is one required to be affirmatively pleaded.

On the direct examination of certain witnesses called by appellant testimony was elicited from which the jury were entitled to infer that appellant had knowledge in advance of going on the stairway that the steps and the platform leading to them were heavily covered with oil, and that by a reasonable use of her faculties she was or should have been aware of the presence of

the oil and of the peril attendant upon her going on the steps. This situation was further developed on cross-examination of these witnesses. Counsel for appellant asserts in his brief that objections were made to the inquiries on cross, but the record shows the contrary.

The situation would appear to be governed by rule 15(b) providing that when issues not raised by the pleadings are tried by express or implied consent of the parties, they are to be treated in all respects as if they had been formally raised. Compare Balabanoff v. Kellogg, 9 Cir., 118 F. 2d 597; Rogers v. Union Pac. R. Co., 9 Cir., 145 F.2d 119. It is plain that the experienced judge who presided at the trial regarded the issue of contributory negligence as having been brought into the case by implied consent and consequently felt obliged to instruct in respect of it. In several other instructions apart from No. 6 he outlined fully the law on the subject, including the principles relating to the burden of proof. No objections were interposed to any of these latter instructions, so appellant is in no position to complain of them here. In fact appellant's counsel himself requested an instruction on contributory negligence and excepted to the court's refusal to give it. He claims that he did so to correct what he felt was an erroneous statement in the court's Instruction No. 6, but if that was his only purpose he failed so to indicate to the court.

Subsequent to judgment appellees were permitted on motion to amend their answer by pleading contributory negligence, and complaint is made of this action. However, it is entirely proper under rule 15(b), as well as under the practice long recognized by the courts generally, to permit amendments to conform to the proof; and the amendment may be made at anytime, even after judgment. Failure to amend does not affect the result of the trial on issues which are actually tried without objection. Even on appeal the pleading may be deemed amended in such cases. See Balabanoff v. Kellogg, supra.

Affirmed.