DA 13-0416

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 377N

IN RE THE MARRIAGE OF

BENNY E. QUIÑONES,

Petitioner and Appellee,

and

CATHERINE QUIÑONES,

Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADR 99-326
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Catherine Quiñones, self-represented; Helena, Montana

For Appellee:

Katharine Donnelley, Attorney At Law; Helena, Montana

Submitted on Briefs:  December 10, 2013
Decided:  December 30, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Catherine Quiñones and Benny E. Quiñones were married in 1989 and divorced in 2001. They are the parents of two minor children, D.Q. (age 17) and M.Q. (age 14). As the District Court observed, during the intervening years since the parties began their dissolution and parenting matter in 1999, both parties have filed numerous motions to amend or clarify parenting plans and to recalculate child-support obligations. There also have been several filings in this Court. The parties do not appear to be able to successfully resolve their disputes or to accept the District Court's rulings. As a result, the District Court Case Register Report indicates that approximately 280 documents have been entered in this matter.

¶3 On January 10, 2013, Catherine filed a motion to amend the court-ordered Amended Parenting Plan dated February 28, 2011. Catherine maintained that an amendment to the Amended Parenting Plan was necessary because D.Q. had resided with Catherine full-time since March 2011. Catherine also sought retroactive modification of child support. The District Court denied Catherine's motion to amend and refused to modify child support. Catherine now appeals.

¶4 We review for abuse of discretion a district court's decision on whether to modify a parenting plan or a child-support obligation. *Marriage of Mills*, 2006 MT 149, ¶ 14, 332

Mont. 415, 138 P.3d 815; *Marriage of Nies and Cooper*, 2003 MT 100, ¶ 10, 315 Mont. 260, 68 P.3d 697. "We give great deference to the district court's judgment, and presume its decision to be correct." *Mills*, ¶ 14. The findings of fact underlying the district court's decision will be sustained unless they are clearly erroneous. *Nies and Cooper*, ¶ 10.

¶5 Catherine, who is self-represented in this appeal, advances several issues regarding alleged errors of the District Court. Many of the issues Catherine raises are repetitive or inappropriate for review. We restate Catherine's issues as (1) whether the District Court abused its discretion in denying Catherine's motion to modify the court-ordered Amended Parenting Plan dated February 28, 2011, and (2) whether the District Court erred in denying Catherine's motion to modify child support.

¶6 The District Court determined that Catherine had not met the criteria justifying modification of a parenting plan pursuant to § 40-4-219, MCA. Section 40-4-219, MCA, allows the court, in its discretion, to amend a parenting plan if it finds, upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child. In addition to the criteria set forth in § 40-4-212, MCA (regarding the best interest of the child), the court may also consider whether "the child has been integrated into the family of the petitioner with consent of the parents." Section 40-4-219(1)(b), MCA.

¶7 The District Court found that Catherine had disregarded the court-ordered Amended Parenting Plan and that she had "undermined and sabotaged [the District Court's] attempt to have the children maintain a relationship with *both* parents" (emphasis in original). The

District Court concluded that Catherine "has frustrated Benny's ability to have contact with D.Q." and that Benny "has asked D.Q. and Catherine to follow the parenting plan, to no avail." It is apparent from the District Court's order that the court did not find a change in circumstances which would necessitate amending the parenting plan to provide for D.Q.'s best interests. The District Court found that Catherine had acted to prevent adoption of the court-ordered Amending Parenting Plan and that she had frustrated Benny's efforts to have a relationship with D.Q. Based on a review of the record, we are not persuaded that the District Court abused its discretion in declining to make the modification Catherine requested.

¶8      Catherine also alleges that the District Court incorrectly declined to modify the current child-support order. It appears that Catherine is objecting to the Child Support Enforcement Division's administrative withholding proposal. The District Court, however, correctly determined that the child-support order should not be modified. Section 40-4-208(1), MCA, states that "a decree may be modified by a court as to maintenance or support only as to installments accruing *subsequent* to actual notice to the parties of the motion for modification" (emphasis added). The District Court noted that it had no authority to modify child support payments retroactively. Further, as the District Court declined to modify the Amended Parenting Plan upon which the existing child support was based, it therefore was correct for the District Court to refuse any modifications to the child-support amount.

¶9      The remaining allegations that Catherine appears to raise—bias of the trial court, failure to complete the hearing, unpaid orthodontics expenses, and the trial court's failure to

4

interview the children—are not supported by appropriate authority or argument, are procedurally barred because no objection was made in the District Court, or are not supported by the record.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion, and Catherine has not shown that the District Court abused its discretion.

¶11 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER