## DALE v. PEDEN.

Court of Appeals of Kentucky.
Nov. 7, 1952.

Richard L. Garnett, Louie B. Nunn, J. R. White, Glasgow, for appellant.

Marion Vance, J. Wood Vance, Jr., Harry Berry, Glasgow, for appellee.

STEWART, Justice.

This is an appeal from a judgment rendered against Floyd Dale in favor of Ewell Peden for the sum of $900 with interest at 6% from January 11, 1951.

The litigation arose out of a contract entered into between Dale and Peden on January 24, 1950, under the terms of which Dale rented certain poolroom equipment to Peden for a year, the latter agreeing to pay for the use of the same $40 per month for the first six months and $42.50 per month for the last six months. This provision is in the contract: "If Ewell Peden fails to pay the rentals as due then Floyd Dale to have the option of declaring the contract at an end and repossessing himself of the property." No due date for the payment of rent is mentioned in the agreement.

Peden first installed the equipment in a building on Main Street in Glasgow. After a short while he relocated his business at 209 Back Street in the same city, subleasing space for his poolroom from one Bryant Bertram. In the early part of November, 1951, a contention arose as to whether Peden was tardy in paying the rent to Dale for the preceding month. Peden contends he offered the rent on October 29th as well as on November 5th. It is conclusive he tendered the rent to Dale's wife on the last mentioned date, she declining to receive it, and it is admitted Dale refused to accept the rent on the next day and asked for the return of his pool-

room equipment, contending that Peden had breached the contract by nonpayment of the rent on what he claims was the due date, namely, October 24th.

On November 8th, Dale filed an action under Chapter II, Title VIII, of the Civil Code of Practice in which he asked for an order of delivery for the return of his equipment, plus certain damages for alleged injuries to it. An attachment also issued founded upon certain grounds set forth in the petition. Pursuant to the order of delivery and the attachment the sheriff on the same date seized the property, and it was subsequently turned over to Dale under Section 187 of the above Chapter, Peden having failed to make bond to retain it as permitted by Section 188 of the same Chapter. This is made manifest by the record because Dale, a short time after Peden's place of business was closed by court process, reopened the poolroom and he and Bertram, who owned the lease on the building, carried on the same operation with the same equipment.

By answer and counterclaim Peden denied he breached the contract and he averred Dale himself was guilty of forcing him out of business in violation of his contractual rights with the result that he was damaged, as he pleads, in the sum of $1,910 for loss of profits. Specifically, he claimed $30 per day as the amount he would have received during the sixty-seven days remaining under his contract. Dale's reply was a denial and, in addition, he alleged he had a right to declare the contract terminated for the reason (a) that Peden was illegally conducting a poolroom in a section the city of Glasgow had zoned against carrying on this type of commercial activity and Peden had been ordered by the proper authorities to cease using it for this purpose and (b) that at the time he instituted his action Peden was about to be evicted from the poolroom premises under a forcible detainer action brought by his landlord, Bertram, so that Dale must need proceed as he did to protect his property.

Nine grounds for reversal are urged, to wit: (1) That the lower court erred in not granting a continuance; (2) that the rental contract specifically gave Dale the right to terminate the contract and repossess the equipment if Peden failed to pay the rent when it became due; (3) that a forcible detainer action having been brought by the landlord to evict Peden from the poolroom, Dale had the right to protect his property by obtaining possession of it under an order of delivery to prevent the same from being set out in the street; (4) that, because the city of Glasgow had proceeded against Peden, it is contended, for illegally conducting a poolroom at a location which had been zoned against the operation of such a business, this action by the city estopped Peden from claiming any damages against Dale for forcing Peden out of business; (5) that, assuming Dale wrongfully closed the poolroom, Peden was required to mitigate his damages to the extent that he was capable of so doing; (6) that Peden should not have been allowed damages because such were based upon proof of a speculative nature; (7) that the court should have given proper instructions to the jury; (8) that Peden's counsel was guilty of misconduct in his argument before the jury; and (9) that the trial court should have granted a new trial on the ground of newly discovered evidence.

■■ Before the trial, Dale moved for a continuance and in support thereof filed an affidavit which stated in substance that his wife, who was then sick and unable to be in court, was a material witness for him and that, if she could have appeared and testified, she would have said Peden "never paid the rent on time" on the equipment and she would further have said she refused to receive the rent Peden offered to her on November 5, 1950. The evidence discloses that all the facts Dale wished to prove by his wife were adequately brought out by other witnesses; consequently, he was not prejudiced by her failure to testify. Furthermore, the record shows Peden made no objection to the reading of the contents of the affidavit to the jury, and because Dale for some unexplained reason failed to do this, he cannot now ask us to overlook his lack of diligence on this score. It is as if he had had a witness present at the trial whom he had not called on to testify.

The action of the lower court in refusing to postpone the trial is clearly supported by Section 315 of the Civil Code of Practice, the part that is pertinent here being in these words: "If, thereupon, the adverse party will consent that, on the trial, the affidavit shall be read as the deposition of the absent witness, the trial shall not be postponed on account of his absence."

■ As to Dale's insistence that the contract bestowed upon him the right to terminate it and repossess the equipment if Peden defaulted in paying his rent when due, the fatal weakness of this contention is that the agreement did not specify any date for the payment of the monthly rental installments. The evidence shows the rent was never paid on any particular day at any certain place. Therefore, since the proof is uncontradicted that Peden had always satisfactorily settled his rent in the past and had offered to pay the October installment at a time when we cannot say it would then be delinquent, we conclude there was no breach of the contract on Peden's part.

■ Grounds 3 and 4 are without merit for the simple reason that we have under consideration a rental contract of poolroom equipment, and the agreement does not designate a site where the property must be used. Actually, the record establishes the fact that Peden did rent another location and resume his poolroom business there after his landlord, Bertram, had evicted him, and it is reasonable to assume he would have removed Dale's equipment to and used it at this place if Dale had not prevented his doing so by resorting to court action.

■ Dale argues that even though he was instrumental in closing the poolroom, Peden could have mitigated his damages by posting bond under Section 188 of the Civil Code of Practice and, in spite of the prosecution of the legal proceeding against him, he could have continued on without loss in his business. This argument is not a valid one because it was not established by any proof that Peden was financially able to execute the bond above mentioned. Moreover, we do not think he was required to take this step in any event under the circumstances of this case.

■ While it is true, as to the next point raised, that speculative damages cannot be recovered, it is the rule that in determining whether or not profits are speculative only reasonable certainty is required. Staves Mfg. Corp. v. Robertson, 278 Ky. 294, 128 S.W.2d 745. A considerable amount of evidence was introduced to show how much profit Peden would have made if he could have used Dale's poolroom equipment without interruption. Although the proof tended to establish that the income of $30 per day represented the gross earnings and not the net profit of the business, Dale has no cause for complaint; for the jury allowed Peden $1,000 less than he alleged as damages, based on the estimate of $30 per day net profit.

■ Turning to the next complaint, it is shown by the record that, at the conclusion of all the evidence, neither side offered any written instructions. Whereupon the court submitted the case to the jury without any instructions. It is insisted by Dale that this was prejudicial error, although Dale did not at the time object and except to this manner of allowing the jury to decide the case. We have repeatedly held that a court is not required to give any instructions in a civil case unless written instructions are offered by one or the other of the parties. Deer Creek Mining Co. v. Moore, 200 Ky. 553, 255 S.W. 123; Helge v. Babey, 228 Ky. 197, 14 S.W.2d 757.

■ Dale next insists that the attorney for Peden who argued the case in his behalf before the jury was guilty of such misconduct in this respect as to constitute a reversible error. The bill of exceptions sets forth what occurred, and it recites, in brief, that Peden's counsel had used up his allotted time for argument. Twice the trial judge admonished counsel of this fact, but he ignored the warning of the court and continued speaking, and it was only after the court had directed the sheriff to seat the attorney that he desisted from any further argument. During this interval Peden's counsel remarked that a collusion to force Peden out of business and to obtain

possession of the poolroom business existed between Dale and a witness who had testified in behalf of Dale. Concededly this line of argument was outside the record, and Dale's attorney interposed an objection thereto which was sustained. However, the court did not admonish the jury to exclude the statement from their minds. On the authority of Smith v. Dunning, 275 Ky. 733, 122 S.W.2d 781, when one raises a question concerning the improper conduct of opposing counsel, it must appear from the record that he not only objected at the time but that he requested the court to properly admonish the jury with reference to the act or words on which the complaint is based or, in extreme cases, that he moved the court to dismiss the jury and continue the case. Dale's attorney objected to the remarks of opposing counsel, which objection was sustained by the court. The judge granted him all the relief he requested, and in view of this no error was committed by the lower court.

Finally, after his motion and grounds for a new trial had been filed on January 12, 1951, but before the lower court had ruled on the same, Dale filed on February 17, 1951, what he denominated as an "affidavit in support of motion for new trial". In the last mentioned instrument he contends he was entitled to a new trial on the basis of newly discovered evidence which was, in short, that Peden was at that time operating another poolroom just across the street from his old location, which fact he could not have known during the trial, and that such evidence could have been introduced and considered in mitigation of the damages sued for by Peden. It was brought out that Peden had been in his new establishment three months prior to the date of the affidavit. Aside from the immateriality of this evidence, and we have already discussed and disposed of the issue of the alleged liability of Peden to mitigate his damages under the circumstances of this case, the fact remains that Dale did not exercise reasonable diligence in discovering this evidence before the trial. See Section 340(7) of the Civil Code of Practice.

Wherefore, the judgment is affirmed.