Submitted November 4, 1959, affirmed February 3, petition for
rehearing denied March 1, 1960

## ASH *v.* KILANDER
348 P. 2d 1099

Robert Mix, Corvallis, filed briefs for appellant.

Hampson, Weiss & Gerhardt, Portland, filed a brief for respondent and cross-appellant.

PERRY, J.

The plaintiff John W. Ash, Jr., brought this action in replevin to recover possession of a river dredge named Omar from the defendant LeRoy Kilander. The jury returned a verdict for the defendant, which included damages for the wrongful detention of the dredge, and the plaintiff appeals.

The plaintiff's first assignment of error is based upon the failure of the trial court to sustain his demurrer to that portion of the affirmative answer which set forth prior litigation between these parties.

The trial court was not in error if the allegations presented an issue of defense to plaintiff's claim of right to immediate possession of the dredge.

It is, therefore, necessary to consider the pleadings and adjudication in the Benton county suit between these parties, for John W. Ash, Jr., the plaintiff herein, was for all intents and purposes the plaintiff in that suit and the present defendant was the defendant. In the prior suit, plaintiff Ash alleged that plaintiff and defendant had entered into a Dredge Charter Agreement, and further alleged as follows:

"IV

"That contemporaneously with the execution of the DREDGE CHARTER AGREEMENT set forth in II hereof the defendant, as security for the performance of the said DREDGE CHARTER AGREEMENT, as security for the $15,000 advanced under the DREDGE CHARTER AGREEMENT, and as indemnity against any and all damages suffered by the plaintiffs resulting from defendant's breach of said agreement, and not as a bill of sale, executed and delivered to the plaintiffs a document in form and tenor as follows:

" 'April 10, 1954

" 'I Leroy Kilander dba OREGON MARINE DREDGING, do hereby give to Willamette Sand & Gravel Company of Corvallis, Oregon, full right and title to one eight (8) inch dredge, known as Omar.

" 'Right and title to same to be relinquished at time of meeting obligations on dredging contract dated April 10, 1954.

" 'The above right and title to be for a consideration of Fifteen Thousand ($15,000) Dollars, applied toward dredging services of the dredge known as PATTY.

" '/s/ Leroy Kilander'

"V.

"That immediately after the execution and delivery of the instrument set forth in IV above, and as security for the foregoing obligations, the defendant delivered to the plaintiff said dredge Omar, which dredge had been in the actual and continual possession of the plaintiffs since said time in Benton County, Oregon, and is now in Benton County, Oregon."

The complaint in the prior suit further alleged the defendant was in default of the charter agreement and prayed that this instrument executed by LeRoy Kilander be declared a mortgage or pledge and foreclosed. The prayer in the alternative asked that the instrument be declared a bill of sale and that the plaintiff be declared to be sole owner of the dredge Omar. The defendant answered and denied the instrument was given as a pledge or mortgage or that defendant had breached his charter agreement; and alleged affirmatively that plaintiff had breached his agreement and was indebted to defendant for labor performed and damages suffered. Upon trial, the court entered the following decree:

"The above cause came on regularly for trial upon plaintiffs' complaint, defendant's answer thereto, affirmative answer and counter-claim and plaintiffs' reply thereto. Testimony was adduced and evidence introduced in behalf of the parties following which briefs were filed in behalf of the parties, and

"IT APPEARING TO THE COURT that plaintiffs' complaint does not state facts sufficient to constitute a suit or entitle plaintiffs to recover thereunder and that the same should be dismissed, and

"IT FURTHER APPEARING TO THE COURT that the counter-claim of defendant does

not state facts. sufficient to constitute a counter-claim herein and should likewise be dismissed, and

"THE COURT BEING FULLY ADVISED,

"IT IS ORDERED that plaintiffs take nothing, their complaint herein be dismissed and that they go hence without day, and

"IT IS FURTHER ORDERED that defendant take nothing by virtue of his counter-claim but that defendant have and recover from plaintiffs his costs and disbursements incurred herein.

"DATED this 16 day of November, 1955."

No appeal was taken from this decree.

■■ This decree has the same effect as the sustaining of a demurrer to plaintiff's complaint. The effect of such a decree is res judicata as to all "* * * issues presented by such complaint, and can be pleaded as a bar to a subsequent action for the same cause," *Hume v. Woodruff,* 26 Or 373, 377, 38 P 191, providing, however, "* * * where an essential allegation is wanting in a complaint to which a demurrer is sustained, a decree of dismissal is not a bar to a subsequent suit between the same parties * * *." *Wade v. Peters,* 89 Or 233, 238, 173 P 567, 13 ALR 1100.

■ The complaint in the Benton County case stated a good cause of suit for the purpose of having the instrument executed by defendant LeRoy Kilander declared either a mortgage or pledge and for its foreclosure. It went no further than this, however.

It is clear that this defense of res judicata was a valid defense to any assertions by the plaintiff in this present action that he was entitled to the immediate possession of the dredge Omar as a mortgagee or pledgee in possession under the instrument sued

upon in the prior suit. The trial court did not err in overruling plaintiff's demurrer to this portion of the answer.

As a further assignment of error, plaintiff contends the trial court should have allowed his motion to strike defendant's demurrer to the reply. He argues ORS 16.040 is controlling. ORS 16.040 only achieves full significance when read with ORS 16.050. ORS 16.040 declares:

> "A motion, demurrer or answer to the complaint shall be filed with the clerk by the time required to answer, and a motion, demurrer or reply, to the answer shall in like manner be filed within 10 days after the filing of the answer; * * * A motion or demurrer to a reply must be filed in the manner and within the time required to file a motion or demurrer to an answer."

ORS 16.050 says:

> "The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by the procedural statutes, or by an order enlarge such time."

In *Brown v. Becker,* 135 Or 353, 295 P 1113, the defendant moved the reply be stricken on the ground it had not been filed within the time allowed by the rule of the court. The motion was denied. The question presented was whether the trial court should permit a reply to be filed under the circumstances. In its opinion the court cited Oregon Code 1930 § 1-701 and § 1-907, now ORS 16.040 and 16.050 respectively, and said (135 Or 353, 356):

> "It has been uniformly held that the relief granted by the section last referred to [Oregon Code 1930 § 1-907] rests in the sound judicial discretion of the trial court and only a manifest abuse

> thereof is reviewable on appeal, and that this discretion is to be exercised in accordance with the spirit of the law and in a manner to subserve and not to defeat the ends of justice; that the section is remedial and should receive a liberal construction so as to subserve justice."

This cause had been before the court almost three years when the questioned pleading was filed. Admittedly it was tardy, but the action of the trial court in permitting the late filing of the demurrer was largely a matter of discretion and will not be upset absent a showing of abuse resulting in prejudice to plaintiff. Also see, *Grover v. Hawthorne,* 62 Or 65, 116 P 100, 121 P 804; *McFarlane v. McFarlane,* 45 Or 360, 77 P 837.

■ Finally, it is urged by plaintiff that defendant had a duty to furnish a redelivery bond to minimize damages. A number of cases involving wrongful attachment have been cited in plaintiff's brief to sustain this argument. Those cases are not controlling here. ORS 29.220 is legislation enacted to allow a defendant to regain his property after it has been attached by means of a redelivery bond. ORS 29.860 affords the same opportunity where property has been replevined. We are only concerned with the latter statute which reads:

> "At any time before the delivery of the property to the plaintiff, the defendant may, if he does not except to the sureties of the plaintiff, require the return thereof upon giving to the sheriff a written undertaking, executed by two or more sufficient sureties, to be approved by the sheriff, to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him

of such as may, for any cause, be recovered against the defendant. If a return of the property is not so required within three days after the taking and service of a copy of the affidavit and undertaking on the defendant, it shall be delivered to the plaintiff  *   *   *."

The redelivery bond is permissive not mandatory, as illustrated in the statute by use of the word "may." Defendant has three days in which to execute the bond before the sheriff turns the property over to plaintiff, as opposed to an unlimited time in attachment actions. Plaintiff's brief concedes "the statute itself does not require the defendant to post bond", but argues he has a duty to mitigate damages, therefore a duty to post bond. *Dale v. Peden,* 252 SW2d 687, (Ky App 1952) is in point. In that case plaintiff had defendant evicted from a pool room and sought to replevin the equipment. He alleged defendant should have acquired a bond to mitigate damages and in support of this contention called to the court's attention section 188 of the Civil Code of Practice, significant parts of which follow:

"425.155 (cc188) Within two days after the taking of the property by the sheriff, the defendant, or any one for him, may if the property was not taken under an attachment, execution or distress warrant cause a bond to be executed to the plaintiff  *   *   *  if such bond be not executed within the time above limited, the sheriff shall deliver the property to the plaintiff."

In holding the defendant had no duty to furnish a redelivery bond the court said (252 SW2d 687, 690) :

"Dale [plaintiff] argues that even though he was instrumental in closing the poolroom, Peden could have mitigated his damages by posting bond under Section 188 of the Civil Code of Practice

and, in spite of the prosecution of the legal proceeding against him, he could have continued on without loss in his business. This argument is not a valid one because it was not established by any proof that Peden was financially able to execute the bond above mentioned. Moreover, we do not think he was required to take this step in any event under the circumstances of this case."

The Illinois court, confronted with a theory similar to that propounded by plaintiff herein, said in *L. B. Motors, Inc. v. Prichard,* 303 Ill App 318, 323-324, 25 NE2d 129:

"Counsel for appellant * * * make the rather novel claim that it was the duty of appellee to have given a forthcoming bond (Ill. Rev. St. 1939, ch. 119 para. 14 * * *) and retained the automobile pending the final judgment of the court in the replevin suit * * *. Our statute provides that before a writ of replevin issues, the plaintiff is required to give a sufficient bond conditioned for the payment of all costs and damages occasioned by the wrongful suing out of the writ of replevin. It further permits a defendant in a replevin suit to have the replevied property returned to him by the officer before it is actually delivered to the plaintiff. This provision simply grants to the defendant the option in lieu of permitting the property to be delivered to the plaintiff of executing a bond in double the value of the property and conditioned as required by the statute and thereby have the replevied property forthwith returned to him. * * *"

The court in *Giannini v. Wilson,* 43 NM 460, 468, 95 P2d 209, said:

"Appellant advances the theory that the appellee should have taken reasonable precautions to minimize the damages. This in effect would be a demand that a defendant in a replevin suit acquire a forthcoming bond as soon as he was able to do so. There is no such duty imposed by law."

A search reveals the foregoing cases are alone in dealing directly with the theory advanced by plaintiff, and in each instance the court held defendant not obligated to post a redelivery bond in mitigation of damages.

■ ORS 29.860 is unambiguous and open to only one interpretation, that is, a defendant may, but owes no duty to, post bond when his property has been replevined. The trial court did not err in so ruling.

The defendant filed a cross-appeal, but has waived its consideration.

The judgment of the trial court is affirmed.