In the Matter of the Validity of the Amendment of Department of Veterans' Affairs Administrative Rule 274-20-388(1)(2).

ASSOCIATED OREGON VETERANS,
*Petitioner,*

*v.*

DEPARTMENT OF VETERANS' AFFAIRS,
*Respondent.*

(DVA 10-1983; CA A30092)

688 P2d 431

James M. Brown, Salem, argued the cause for petitioner. With him on the brief was Enfield & Guimond, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Petitioner, an unincorporated association of veterans' home and farm loan mortgagors, seeks judicial review of a final order of the director of the Oregon Department of Veterans' Affairs (department), adopting certain amendments to OAR 274-20-388(1)(2). The association claims that the director exceeded his statutory authority in adopting the amendments. We agree and hold the director's order invalid.

This case addresses only the department's method of recouping advances on property taxes along with the interest accrued and accruing before the repayment of the tax advances. The advancement and recoupment of property taxes advanced by the department is authorized by ORS 407.275(4):

> "Mortgages or security agreements on property given to secure any loan made under ORS 407.125 or statutes supplementary thereof may provide that the taxes and insurance premiums may be paid by the director from the Oregon War Veterans' Bond Sinking Fund, and if paid, the amount so paid shall be added to and become part of the principal of the loan and shall be repaid under and pursuant to the amortization plan."

Petitioner's brief describes the current practice as follows:

> "The Department of Veterans' Affairs advances property tax payments on behalf of veteran loan borrowers. The Department charges interest on these advances and previously added that interest [and the tax payments advanced] to the loan balances. The interest [and the tax payments are] then recovered through the amortization of the loans. * * *"

Respondent's brief makes no challenge to these facts, although the record contains no valuable information about the collection method. We accept petitioner's facts.

The amendments to OAR 274-20-388 change that practice by providing that the amounts advanced may be entirely recouped during the year immediately following the tax payments by the department. The amendments to the rule state:

> "Effective January 1, 1984, monthly payments required on all loans shall include an amount which represents advances

for taxes paid by the Director of Veterans' Affairs on the security and shall include an additional amount equaling interest accrued and which shall accrue before its repayment on the unpaid balance of such amount paid.

"(1)    The amounts shall be determined each year by dividing the amount advanced, plus interest accrued and to accrue thereon until repaid, by the number of loan payments due during the year, increased to the next whole dollar.

"(2)    The amounts so determined shall be added to and become part of the loan payment.

"(This rule is not applicable to payments made under contracts for the purchase of State-owned property.)"

The association claims that there is no statutory authority to support the department's effort to shorten the recoupment period from the amortization period of the loan to a one-year period and that the legislature did not intend that interest on tax advances be exacted from veteran borrowers.[1] The association concedes that the inclusion in the mortgages or security agreements of a provision authorizing the director to pay the taxes is discretionary but argues that, once the director includes such a provision and pays the mortgage holder's taxes as authorized, ORS 407.275(4) mandates that the amounts advanced and interest accrued or accruing be added to the principal to be repaid over the entire amortization period of the loan. The director, on the other hand, claims that the amended rule is valid, because the method for repayment of tax advances is entirely discretionary and the director is authorized to create other methods to recoup the funds advanced.

■    We look to the plain language of the statute to support our decision. *See Whipple v. Howser,* 291 Or 475, 479, 632 P2d 782 (1981). The language of ORS 407.275(4) is clear and unambiguous. We agree that the decision to provide in the

---

[1] The association also advanced the contention at the hearing that "the practice of many years standing, of the Department of Veterans' Affairs not collecting the interest accrual on the tax advance has created a contract based on estoppel theory." Because we find the rule invalid on other grounds, we do not reach this issue, nor could we on the woefully inadequate information provided us in the record as to the current and past practice. However, we note that the claim by the association that the department does not collect interest on tax advances is not consistent with its description of the current practice stated in the body of this opinion.

mortgages and security agreements that the director is authorized to pay the taxes is entirely permissive under the statute. Further, the statute in no way requires that the director actually pay the mortgage holders' taxes, even when the authority to do so has been provided. However, once the director exercises the option and makes payment of the taxes, the method for recouping the amounts paid and the interest accrued and accruing, including the period over which it is to be repaid, is mandated by ORS 407.275(4) and is not within the director's discretion. The statute states, in pertinent part:

> "Mortgages or security agreements * * * *may* provide that the taxes and insurance premiums *may* be paid by the Director * * * and if paid, the amount so paid *shall* be added to and become a part of the principal of the loan and *shall* be repaid under and pursuant to the amortization plan." (Emphasis supplied.)

■■ Although "may" is generally a permissive term, *see, e.g., Ash v. Kilander,* 220 Or 438, 445, 348 P2d 1099 (1960), "shall" is generally construed as a mandatory term. *See, e.g., Stanley, Adm. v. Mueller,* 211 Or 198, 202, 315 P2d 125 (1957). Although the terms have been construed differently when necessary to carry out the intention of the legislature, *see, e.g., Dilger v. School District 24 CJ,* 222 Or 108, 117, 352 P2d 564 (1960), there is nothing in this statutory scheme that suggests that the legislature meant to create any more discretion in the director than the language of the statute clearly states. We infer from the fact that the legislature used both the permissive term in allowing for payment and the mandatory term in providing for the method of recoupment, that it intended the separate terms to have their usual meanings. We cannot agree with the director's position that the entire statute is permissive, and we infer from the fact that the legislature provided for a specific repayment period that it intended to preclude other payment periods. *See Smith v. Clackamas County,* 252 Or 230, 233, 448 P2d 512 (1969); *Gantenbein v. PERB,* 33 Or App 309, 319, 576 P2d 1257, *rev den* 282 Or 537 (1978).

■ We do not agree with the association's claim that the legislature did not intend that interest on the tax advances be extracted from veteran borrowers. The statute provides that the amount of taxes paid "be added to and become part of the principal." ORS 407.275(4). To the extent that interest is

payable on the principal, we infer that that same interest charged to principal may be charged on amounts advanced for tax payments.

Amendments to 274-20-388(1)(2) held invalid.