CITY OF THE COLONY,
Texas, Appellant,

v.

CITY OF FRISCO, Texas, Appellee.

No. 2–84–047–CV.

Court of Appeals of Texas,
Fort Worth.

March 7, 1985.

Henderson, Bryant & Wolfe and Thomas C. Akins, Sherman, for appellant.

Abernathy, Roeder & Jouette and Richard Abernathy, McKinney, Philips, White, Davidge, Griffin, Shelton, Eames, Word & Duncan, and Mike Griffin, Denton, for appellee.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

ASHWORTH, Justice.

City of The Colony, Texas (Colony) appealed from a judgment declaring an annexation ordinance of the City of Frisco, Texas (Frisco) had been validated by a validation statute.

Judgment affirmed.

In 1966 the City of Frisco, Denton County, had a population of less than 5,000. That year Frisco passed its Ordinance 179 which is the primary issue in this case. Such ordinance annexed a strip ten feet in width along the center line of highways surrounding Frisco. The area included in the annexed strips was approximately 87

square miles while Frisco as it then existed had an area not in excess of one square mile. During submission of this cause, a map was used for illustrative purposes. While this map was not an exhibit in the trial, the attorneys agreed that it fairly represented the areas involved. Such map is reproduced in this opinion for assistance to the reader. [See Appendix.]

The ten foot strip annexed ran along the center of Farm-to-Market Road 720 west to Farm-to-Market Road 423; then north to U.S. Highway 380; then east to Farm-to-Market Road 2478; then south to State Highway 121; then southwesterly to Farm-to-Market Road 423; then north to Farm-to-Market Road 720. There were no other cities or towns in the area that were affected by such annexation.

In 1977, Fox and Jacobs, real estate developers and builders, requested Frisco to release property in the southwest section of the area encompassed by the ordinance. The purpose of the requested release was to enable development of the section and its incorporation as City of The Colony. Frisco released the area requested but retained its boundary along State Highway 121 and Farm-to-Market Road 423. In addition, Frisco retained a five foot strip of extraterritorial jurisdiction (E.T.J.) along the east and north boundaries of Colony.

After incorporation, Colony had no way to expand because of the encirclement by Frisco. In February of 1978, Frisco and Colony agreed that Frisco would release its annexation as it bordered Colony on State Highway 121 and Farm-to-Market Road 423. Again, in October of 1978, the cities agreed that Frisco would release some more property along State Highway 121 and adjusted its five foot strip of E.T.J. Also, in June of 1979, the boundaries were again adjusted by agreement, moving Colony's line to the east.

The City of Eastvale sued both Frisco and Colony in 1979 and 1980 alleging that Frisco Ordinance 179 and the 1978 boundary agreements were invalid. Frisco and Colony stood together in defending the suit, and the trial court held the ordinance had been validated and the agreements were valid.

In 1982 Colony passed Ordinance 228 annexing 50 acres north of its northern boundary. This attempted annexation by Colony infringed upon land which by Frisco ordinance was subject to its E.T.J. Frisco then brought the instant suit for declaratory judgment seeking to have Colony Ordinance 228 declared void because it violated Frisco's E.T.J. and the boundary agreements.

After a non-jury trial, the court ruled: Frisco Ordinance 179 had been validated; certain ordinances of each city were valid; certain ordinances of each city were invalid; the boundary line agreements were valid; and that Frisco should recover attorney's fees.

Colony's first point of error contends Frisco's Ordinance 179 cannot be validated by TEX.REV.CIV.STAT.ANN. art. 974d–28 (Vernon Supp.1985) because annexations extending beyond the annexing city's E.T.J. cannot be validated.

At the time Ordinance 179 was enacted, Frisco had an E.T.J. of one-half mile and could only annex property within its own E.T.J. The Municipal Annexation Act, TEX.REV.CIV.STAT.ANN. art. 970a, secs. 3.A.(1) and 7.A. (Vernon 1963). Frisco Ordinance 179 was clearly invalid at the time it was enacted. We must now determine if such ordinance has been validated.

The pertinent sections of the validating statute, art. 974d–28, are as follows:

Sec. 4. (a) The original boundary lines of each municipality covered by this Act and any extension of those boundaries adopted before January 1, 1975, are validated in all respects, even though the action adopting the original boundaries or an extension of them was not in accordance with law.

(b) Without limiting the generality of Subsection (a) of this section, it is expressly provided that an attempted annexation that occurred before January 1, 1975, may not be held invalid because it did not comply with the Municipal Annex-

ation Act, as amended (Article 970a, Vernon's Texas Civil Statutes), or any other applicable law, or because the territory the municipality attempted to annex was not contiguous or adjacent to the then existing boundaries of the municipality, or because the municipality was not petitioned for annexation by the owners or residents of the annexed territory.

*Id.*

It is noted that such statute was amended subsequent to the decision in *City of Waco v. City of McGregor,* 523 S.W.2d 649 (Tex.1975). In such case, McGregor enacted an ordinance annexing a strip of land 261 feet wide beginning at its city limit and extending along a highway for a distance of five miles and then encompassing a tract of land owned by McGregor and used as a municipal airport. *Id.* at 650. McGregor conceded the ordinance was void because the five mile strip was not contiguous or adjacent to its city limits. Moreover, the strip was not owned by McGregor and neither was it within its E.T.J. *Id.* at 654. McGregor contended, however, that the annexation had been validated by the 1967 validating statute, TEX.REV.CIV.STAT. ANN. art. 974d–12 (Vernon Supp.1985), which provides:

> Sec. 2. The boundary lines of all such cities and towns, including both the boundary lines covered by the original incorporation proceedings and any subsequent extensions thereof, are hereby in all things validated. No boundary extension of any kind shall be deemed invalid by failure to comply with requirements of publication, whether such requirements are imposed by statute, general law or charter, and such extensions are hereby in all things validated. In the event of multiple annexations covering the same territory, the proceedings prior in time shall prevail despite any irregularities hereby validated.

*Id.* at 652.

The court held that the validation statute was not intended to and did not validate the annexation of either non-contiguous or non-adjacent territory and that the attempted annexation of the strip had not been validated. *Id.* at 653. In its opinion, the court states: "The question is not one of the power of the legislature—we do not doubt that the legislature could validate an attempted annexation such as this." *Id.* at 652.

■ The 1979 validation statute expressly provides an attempted annexation may not be held invalid because the territory was not contiguous or adjacent to the then existing boundaries of the city. In *McGregor,* it is stated that the legislature has the power to validate such an annexation. *Id.* at 652. Frisco Ordinance 179 was validated by the 1979 validation statute (art. 974d–28), and appellant's first point of error is overruled.

Appellant's second point of error contends the validating statute cannot validate annexations which annex land that is not adjacent and contiguous to the annexing city. In our discussion of appellant's first point of error, we have examined the 1979 validating statute and have noted its precise words stating an annexation may not be held invalid because the land attempted to be annexed was not contiguous or adjacent to the city's boundaries. We have seen that *McGregor* has stated the legislature has the power to validate such an annexation. *Id.* at 652. We hold these authorities dispose of appellant's second point of error and the same is overruled.

Appellant's third point of error is directed toward the trial court's finding that Frisco Ordinances 364 and 368 were validated by the 1984 validating statute. The contention is that the validating statute does not purport to, and does not, validate ordinances which attempt to extend the E.T.J. of a city.

Ordinances 364 and 368 were extensions of E.T.J. Ordinance 364 was passed in 1974 and extended Frisco's jurisdiction west of State Highway 423; such jurisdiction was released in 1977. In 1974, Ordinance 368 extended Frisco's E.T.J. east of State Highway 423 and was released in 1977. Appellant fails to state how the finding affects the trial court's judgment. We

fail to see how the validity or invalidity of such ordinances has any effect on the trial court's judgment or this appeal, and appellant's third point of error is overruled.

Appellant's fourth point of error contends the boundary line agreements between Colony and Frisco are unenforceable because there was a failure of consideration and therefore the trial court erred in ruling such agreements are valid. As admitted in appellant's brief, the reality of its fourth point of error depends on a reversal of the trial court's ruling under appellant's first, second, or third point of error. We have found no error on the part of the trial court in treating such points of error, and therefore, appellant's fourth point of error is overruled.

Appellant's fifth point of error again attacks the trial court's ruling that the boundary line agreements between the cities are valid. In support of this point, appellant argues that the five foot strips of E.T.J. provided for in the agreements are not adjacent and contiguous to Frisco's corporate limits.

Appellant's position is that the same adjacency and contiguity requirements exist as to the five foot strip of E.T.J. provided for in the agreements as exist to long narrow strips of annexation. No cases have been cited which support appellant's position, but it urges the word "contiguous" should have the same meaning and application in regard to E.T.J. cases as it has in annexation cases. We hold it is not necessary to this opinion to address the question of whether the validation statute applies to invalid ordinances establishing E.T.J.

■ The Municipal Annexation Act, art. 970a, sec. 7.B–1, TEX.REV.CIV.STAT. ANN. (Vernon 1963), provides that adjacent cities may accomplish mutually agreeable adjustments in their boundaries of areas that are less than 500 feet in width. The two cities to this suit entered into agreements adjusting their boundaries, Frisco taking care that future expansion of Colony would be subject to Frisco's approval. While the statute addressed changes in boundaries and does not specifically pro-

vide for agreements as to E.T.J., sec. 8 of the Act provides that no city may be incorporated within the area of the E.T.J. of any city without the written consent of the governing body of such city. It necessarily follows that adjacent cities may enter into agreements with regard to their E.T.J.'s.

The parties to this suit entered into agreements concerning their boundaries and E.T.J. Appellant's fifth point of error is overruled.

Appellant's sixth point of error alleges the boundary adjustment agreement of February 13, 1978, is invalid because it attempts to place a five foot strip of Frisco's E.T.J. through Colony's corporate limits.

■ Appellant contends that Kenneth C. Knudsen, a planner/cartographer employed by Hunter Associates, testified that the February 13, 1978 agreement provided a five foot E.T.J. strip of Frisco to run through the corporate limits of Colony. While it is difficult to follow Knudsen's testimony from the record because of the use of several maps as exhibits, we will assume for purposes of this opinion that he did so testify. However, J. Travis Roberts, Jr., a consulting engineer and President of Hunter Associates, testified there were no overlapping boundaries or inconsistencies in the property descriptions. If there was a conflict in the testimony of Knudsen and Roberts as to the location of the five foot E.T.J. strip, it was resolved by the trial court on the basis of Roberts' testimony. Appellant's sixth point of error is overruled.

Appellee presents twenty-one cross points of error in which theories of res judicata, collateral estoppel, judicial estoppel, election, waiver, equitable estoppel, laches, permitting Colony to file a trial amendment and denying Frisco a continuance, were raised. Eight of these cross points complained of the trial court's error: in denying Frisco's application to find that Ordinance 179 had been validated by eight separate validation statutes; in finding Or-

dinance 179 was invalid when passed; and in holding Colony's Ordinance 236 was valid.

In view of our holdings on appellant's points of error, we find there is no necessity to address appellee's cross points.

Judgment affirmed.