Argued and submitted September 8, affirmed November 15, 1989

DONALDSON et al,
*Petitioners,*

*v.*

LANE COUNTY LOCAL GOVERNMENT
BOUNDARY COMMISSION,
*Respondent,*

*and*

CITY OF EUGENE,
*Intervenor - Respondent.*

(890; CA A49438 (Control))

DONALDSON et al,
*Petitioners,*

*v.*

LANE COUNTY LOCAL GOVERNMENT
BOUNDARY COMMISSION,
*Respondent,*

*and*

CITY OF EUGENE,
*Intervenor - Respondent.*

(898; CA A49898)

DONALDSON et al,
*Petitioners,*

*v.*

LANE COUNTY LOCAL GOVERNMENT
BOUNDARY COMMISSION,
*Respondent.*

(902; CA A60823)

DONALDSON et al,
*Petitioners,*

*v.*

LANE COUNTY LOCAL GOVERNMENT
BOUNDARY COMMISSION,
*Respondent,*

*and*

CITY OF EUGENE,
*Intervenor - Respondent.*

(907; CA A61501)
(Cases Consolidated)

782 P2d 449

George E. Birnie, Portland, argued the cause and filed the brief for petitioners.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent Lane County Local Government Boundary Commission. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Timothy J. Sercombe and Harrang, Long, Watkinson & Arnold, filed the brief for intervenor-respondent City of Eugene.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Petitioners seek review of two Lane County Local Government Boundary Commission orders approving the annexation of non-contiguous land to the City of Eugene. We affirm.

We have previously decided two of petitioner's three assignments of error in a companion case that is presently before the Supreme Court;[1] therefore, we address only the question whether contiguity is required for annexations within the jurisdiction of boundary commissions under ORS 199.490(1). We conclude that it is not.

Petitioners are residents of Santa Clara, an unincorporated territory, who contest the City of Eugene's annexation efforts. They rely on two arguments in support of their position that the boundary commission lacks statutory authority to approve non-contiguous annexations. First, petitioners contend that, because contiguity is expressly required in non-boundary commission jurisdictions under ORS chapter 222, we should imply a parallel requirement for annexations under the boundary commission jurisdiction statutes. Second, they argue that, because other states require contiguous annexations to guarantee urban unity, orderly growth and the efficient provision of public services, Oregon law should be construed similarly. Both arguments fail.

Under ORS chapter 222, annexed lands within non-boundary commission jurisdictions must be contiguous to the annexing jurisdiction. ORS 222.111(1). In contrast, boundary commission annexations under chapter 199 are expressly *exempt* from that contiguity requirement. ORS 199.487(2).[2] The legislature has, however, addressed the goal of contiguity requirements, that is, orderly growth and development, by

---

[1] *Donaldson v. Lane County Local Govt. Bdry. Comm.*, 93 Or App 280, 761 P2d 1349 (1988), *rev allowed* 307 Or 514 (1989).

[2] ORS 199.487(2) provides, in pertinent part:

"ORS 222.111 to 222.180 and the statutes of the state that govern annexation of territory to, or withdrawal of territory from, districts *do not apply in territory subject to the jurisdiction of a boundary commission*." (Emphasis supplied.)

Contiguity is specifically required, however, for city-solicited consent annexations under ORS 199.490(2)(b). That express contiguity requirement would be surplusage if, as petitioners contend, *all* boundary commission annexations under chapter 199 have an implied contiguity requirement.

charging the commissions themselves with the responsibility of preventing "illogical extensions of local government boundaries." ORS 199.410(2)(a).

The legislature's inclusion of an express contiguity requirement in chapter 222 demonstrates its ability to require contiguity if, in fact, that is what it intends.[3] Therefore, we conclude that the absence of an explicit contiguity requirement in ORS 199.490(1) is a deliberate legislative choice. We decline to supply terms that the legislature has omitted or to legislate a result that the legislature so far has not. *Emerald PUD v. PP&L,* 302 Or 256, 269, 729 P2d 552, 560 (1986).

Petitioner's second argument, that we should imply a contiguity requirement because other states do, is also not persuasive. First, states that have considered the question are split. *Compare City of the Colony v. City of Frisco,* 686 SW2d 379 (Tex Ct App 1985), with *Hawks v. Town of Valdese,* 299 NC 1, 261 SE2d 90 (1980). Second, courts that have required contiguity were interpreting different statutory schemes.

We hold that ORS 199.490(1) does not require contiguity for annexations of land within boundary commission jurisdictions.

Affirmed.

---

[3] We note that there were two unsuccessful attempts, in the 1987 and the 1989 legislative sessions, to enact a contiguity requirement in boundary commission annexations under chapter 199.