Argued and submitted December 13, 2019, reversed and remanded
September 2, 2020

Judicial Examination to Determine the Regularity and Legality of Order No. 20479 Annexing Property into the Curry County Livestock District.

DEMENT RANCH, LLC,
a domestic limited liability company,
*Plaintiff-Respondent,*

*v.*

CURRY COUNTY
BOARD OF COMMISSIONERS,
*Defendant-Respondent,*

*and*

WEYERHAEUSER COMPANY,
a Washington Foreign Business Corporation,
*Intervenor-Appellant.*

Curry County Circuit Court
18CV04119, 18CV05861;
A168954 (Control), A168955

474 P3d 435

Intervenor appeals a judgment that vacated and annulled a county order annexing approximately 17,000 acres of intervenor's forestlands into a livestock district pursuant to ORS 607.020(6) and (7) (2017). The trial court vacated and annulled the county order because it concluded that annexation of land into an existing livestock district is only permitted if the annexed land is contiguous to the existing livestock district, and the annexation in this case was contrary to that contiguity requirement. On appeal, intervenor argues that the trial court erred because, under the relevant statutes in effect at the time the county adopted and entered the order, there was no contiguity requirement to annex land into an existing livestock district. *Held*: The trial court erred. The Court of Appeals, after considering the statutory text in context, concluded ORS chapter 607 (2017) did not require contiguity for annexations of land into an existing livestock district.

Reversed and remanded.

Jesse C. Margolis, Judge.

Dominic M. Carollo argued the cause for appellant. Also on the briefs were Matthew D. Query and Yockim Carollo LLP.

David C. Johnston argued the cause for respondent Dement Ranch, LLC. Also on the brief was Law Office of David C. Johnston, LLC.

John R. Huttl argued the cause and filed the brief for respondent Curry County Board of Commissioners.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Reversed and remanded.

**TOOKEY, J.**

This is a case concerning Oregon's livestock district statutes set forth in ORS chapter 607. Weyerhaeuser appeals a judgment entered in a writ-of-review proceeding that vacated and annulled Curry County Order No. 20479, which annexed approximately 17,000 acres of Weyerhaeuser's forestlands into the Curry County Livestock District pursuant to ORS 607.020(6) and (7) (2017).[1] On appeal, Weyerhaeuser contends that "[t]he trial court erred in granting the County's motion for partial summary judgment on the ground that ORS 607.005 *et seq.* imposes a contiguity requirement" to annex land into an existing livestock district. We conclude that, at the time Weyerhaeuser's forestlands were annexed into the Curry County Livestock District, ORS chapter 607 did not preclude noncontiguous annexations and, accordingly, we reverse and remand.

This appeal arises from a writ-of-review petition that was filed by Dement pursuant to ORS 34.040 and ORS 34.100, and a separate petition for judicial examination that was filed by the county pursuant to ORS 33.710 and ORS 33.720 after the county received certain objections from ranchers in the local community and questioned the validity of its own order, Order No. 20479, which approved Weyerhaeuser's petition to annex approximately 17,000 acres of Weyerhaeuser's forestlands into the existing Curry County Livestock District.[2] The trial court consolidated the

---

[1] Weyerhaeuser Co. intervened in the writ-of-review proceeding and is the appellant on appeal. Respondent Curry County and petitioner Dement Ranch, LLC are the respondents on appeal. Throughout this opinion, we refer to Weyerhaeuser Co. as "Weyerhaeuser," Curry County as "the county," and Dement Ranch, LLC as "Dement."

Additionally, as we discuss below, several sections of ORS chapter 607, including ORS 607.020, were repealed in 2019. Or Laws 2019, ch 450, § 9. Unless otherwise noted, all references to ORS chapter 607 throughout this opinion are to the 2017 version of those statutes, the version that was in effect when the county adopted and entered Curry County Order No. 20479. *See* ORS 607.020(7) ("The annexation shall be effective on the date of entry of the order by the county governing body.").

[2] ORS 34.040(1) provides, in pertinent part:

"The writ shall be allowed in all cases in which a substantial interest of a plaintiff has been injured and an inferior court including an officer or tribunal other than an agency as defined in ORS 183.310(1) in the exercise of judicial or quasi-judicial functions appears to have:

writ-of-review proceeding and the judicial validation proceeding, because both actions arose from the county's adoption of Curry County Order No. 20479.

As relevant here, in Dement's fifth claim for relief in its petition for writ-of-review, Dement argued that the county improperly construed the applicable law, because the law allowing for the annexation for livestock districts requires contiguity, and Weyerhaeuser's "proposed annexed district is not contiguous to the existing Curry County Livestock District." The county moved for summary judgment, agreeing with Dement's "claim that the county committed legal error when it annexed [Weyerhaeuser's land] into the existing Curry County Livestock District" because "[t]he text, context and legislative history show that the use of the word annexation [in ORS chapter 607] requires contiguity or adjacency of parcels."

The trial court noted there was no factual dispute that Weyerhaeuser's land was not contiguous with the existing livestock district and agreed with the county's and Dement's statutory construction arguments. The trial court concluded that, under ORS chapter 607, "the legislature intended that annexation of land into a livestock district would be limited to contiguous land," and that "the annexation in this instance was contrary to an implied contiguity requirement within the statutory scheme applicable to annexation into a livestock district." Accordingly, the trial court vacated and annulled Curry County Order No. 20479, dismissed the remaining

---

"* * * * *

"(d) Improperly construed the applicable law[.]"

*See Crainic v. Multnomah Cty. Adult Care Home Program*, 190 Or App 134, 141, 78 P3d 979 (2003) ("The criteria set out in ORS 34.040(1) also constitute the legal standards that the circuit court is to apply in determining whether to affirm, modify, or reverse the action of the tribunal or officer whose action is being reviewed. ORS 34.100.").

ORS 33.720(1) provides that "[t]he determination authorized by ORS 33.710 shall be in the nature of a proceeding in rem," and ORS 33.720(3) provides that "[s]uch proceeding shall be tried forthwith and judgment rendered as expeditiously as possible declaring the matter so contested to be either valid or invalid." *See State ex rel City of Powers v. Coos County Airport*, 201 Or App 222, 229, 119 P3d 225 (2005), *rev den*, 341 Or 197 (2006) ("ORS 33.710 and ORS 33.720 set forth the method by which certain local governmental entities can seek judicial examination of the legality of their establishment or of some of the actions that they take.").

claims in the consolidated proceedings with prejudice, and entered judgment in favor of Dement.

On appeal, Weyerhaeuser contends that "[t]he trial court erred in granting the County's motion for partial summary judgment on the ground that ORS 607.005 *et seq.* imposes a contiguity requirement" to annex land into an existing livestock district. Dement and the county argue that Oregon's Livestock District statutes require contiguity when annexing to an existing livestock district.

The trial court's ruling that "the legislature intended that annexation of land into a livestock district would be limited to contiguous land," and that "the annexation in this instance was contrary to an implied contiguity requirement within the statutory scheme applicable to annexation into a livestock district," presents a question of statutory interpretation, which we review for legal error. *See State v. Thompson*, 328 Or 248, 256, 971 P2d 879, *cert den*, 527 US 1042 (1999) ("A trial court's interpretation of a statute is reviewed for legal error."); *Drake v. Mutual of Enumclaw Ins. Co.*, 167 Or App 475, 478, 1 P3d 1065 (2000) ("Because the material facts are not in dispute, we review the trial court's grant of summary judgment to determine whether [the moving party] was entitled to judgment as a matter of law." (Citing ORCP 47 C.)). When we interpret a statute, "[w]e ascertain the legislature's intentions by examining the text of the statute in its context, along with any relevant legislative history, and, if necessary, canons of construction." *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011) (citing *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)).

We pause briefly to provide some background on livestock districts. The Supreme Court summarized the significance of livestock districts in *Dunlap v. Dickson*:

"In a livestock district, cows and other 'livestock' may not 'run at large.' ORS 607.005. In effect, this means that a livestock owner at all times must retain control over livestock within a livestock district. Livestock districts are to be distinguished from 'open range.' On 'open range,' livestock may run at large. ORS 607.005(6)."

307 Or 175, 177, 765 P2d 203 (1988) (footnote omitted).

To create a livestock district, ORS 607.010 to 607.015 provides a process for: (1) petitioning for creation of a new livestock district that is over 2,000 acres, ORS 607.010; (2) drawing boundaries for a proposed district, ORS 607.012; (3) counties holding a hearing on a proposed district, ORS 607.013; and, (4) an election to create the district, ORS 607.015. ORS 607.020(5) to (7) govern annexations of land to an existing livestock district.

With that background in mind, we turn to the text of ORS 607.020(5) to (7) because it is "the best evidence of the legislature's intent" on annexations into a livestock district. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). ORS 607.020(5)(a) provides that "[a]ny area may be annexed to an existing livestock district in the same manner as creation of a livestock district as provided in ORS 607.005 to 607.045, except that" the "area may be less than 2,000 acres." Annexations under ORS 607.020(5) generally require an election to be "carried out in the area proposed to be annexed." ORS 607.020(5)(c). However, ORS 607.020(6) and (7) establish a process for annexation that does not require an election when all owners of the lands proposed to be annexed sign the petition. Those subsections provide:

"(6)   Notwithstanding subsection (5) of this section and ORS 607.015, when a petition for annexation is signed by all the owners of all the land in the area proposed to be annexed or is signed by a majority of the electors registered in the area proposed to be annexed and by the owners of more than half of the land in the area, an election on the proposed annexation shall not be held in either the district or the area proposed to be annexed.

"(7)   When an annexation election is dispensed with under subsection (6) of this section, the county governing body, after the hearing on the petition for annexation, shall enter an order describing the boundaries of the area and declaring it annexed to the district. The annexation shall be effective on the date of entry of the order by the county governing body."

ORS 607.020(6), (7). In this case, Weyerhaeuser petitioned for annexation pursuant to ORS 607.020(5) to (7).

Notably, ORS 607.020(5) expressly permits the annexation of "*any* area" into an existing livestock district, including any area that is "less than 2,000 acres." (Emphasis added). "Ordinarily, courts assume that the legislature's use of the word 'any' indicates deliberately comprehensive application." *Preble v. Centennial School Dist. No. 287*, 298 Or App 357, 367, 447 P3d 42 (2019) (citing *State v. Hamilton*, 348 Or 371, 378, 233 P3d 432 (2010) (statutory reference to "any" person "demonstrates that the legislature deliberately chose not to limit the reach" of the statute); *Crocker and Crocker*, 332 Or 42, 51, 22 P3d 759 (2001) ("The word 'any' ordinarily would have a very broad sweep."); *Dickinson v. Leer*, 255 Or 274, 276, 465 P2d 885 (1970) (statutory reference to "any" business in Oregon suggests the statute applies in "an unrestricted and comprehensive sense to include every legitimate business transaction, regardless of its nature")). Presumably, then, the legislature's use of the phrase "any area" in ORS 607.020(5) demonstrates the legislature's intention for "any area" to encompass both contiguous and noncontiguous lands. *See State v. Serrano*, 346 Or 311, 328, 210 P3d 892 (2009) (the "legislature's use of the word 'any' to modify the phrase 'confidential communication' demonstrates that *** the legislature intended to include within the protection of OEC 505(2) *all* confidential communications between spouses" (emphasis in original)).

Had the legislature intended to restrict the "areas" eligible for annexation to those contiguous to an existing livestock district, it would not have modified the word "areas" with the word "any" and it could have included an express contiguity requirement. ORS 607.020(5). We must be mindful when we construe statutes to not "insert what has been omitted, or to omit what has been inserted." ORS 174.010; *see Donaldson v. Lane County Local Govt. Bdry. Comm.*, 99 Or App 430, 434, 782 P2d 449 (1989) (observing that "[t]he legislature's inclusion of an express contiguity requirement in chapter 222 demonstrates its ability to require contiguity if, in fact, that is what it intends," and concluding that "the absence of an explicit contiguity requirement in ORS 199.490(1) is a deliberate legislative choice"). There is nothing in the text of ORS 607.020(5) from which we could imply a contiguity requirement.

Dement and the county focus heavily on ORS 607.012 as context to support their argument that there is an implied contiguity requirement in ORS 607.020(5). We disagree. ORS 607.012 provides:

> "The boundaries of the proposed livestock district *shall* follow subdivision lines of sections, section lines, township lines, donation land claim boundaries or lines, lakes, rivers, the boundary line of this state, public roads or county boundary lines, except that the boundary of an established livestock district *may* be used as a boundary for the proposed livestock district if the districts are adjacent to each other and will have a common boundary line."

(Emphases added). The legislature used the mandatory term "shall" to describe what boundaries a proposed livestock district must follow, and the permissive term "may" to allow for the boundary of an established livestock district to be used as a boundary for a proposed livestock district *if* the districts are adjacent. *See Associated Oregon Veterans v. DVA*, 70 Or App 70, 74, 688 P2d 431 (1984), *rev den*, 298 Or 470 (1985) ("may" is generally a permissive term, whereas "shall" is generally construed as a mandatory term). Thus, the legislature did not require contiguity for a proposed livestock district's boundary, although it is permitted. Again, had the legislature intended to restrict the areas eligible for annexation to those contiguous to an existing livestock district it could have included a mandatory contiguity requirement for a proposed district's boundaries, but it did not. In sum, the legislature required the boundaries of the proposed district to follow certain lines, but it did not require that they be contiguous with an existing district.[3]

Moreover, ORS 607.043 pertains to "Land entirely enclosed by federal land." ORS 607.043 provides that "[t]he creation or dissolution of a livestock district shall not affect land entirely enclosed by federal land, unless the enclosed land is accurately and completely described in the petition."

---

[3] We understand Dement and the county to also argue that the legal description in Weyerhaeuser's petition for annexation violated the requirement in ORS 607.012 that district boundaries follow certain lines and, thus, we could affirm the trial court on that basis. That is a question that involves material issues of fact, and the trial court did not reach or resolve that issue on summary judgment. Therefore, it is an issue that will need be resolved on remand, not in this appeal.

Additionally, certain federal lands are not subject to live-stock districting under Oregon law. *See* ORS 607.005(3) (defining the phrase "federal land" to mean "a tract of land containing 25,000 acres or more owned or administered by, or under the jurisdiction of, the United States and not sub-ject to the laws of this state"). Accordingly, a parcel of non-federal land that is "entirely enclosed" by federal lands could not be contiguous with other nonfederal lands included within a livestock district, but it nonetheless could be part of a livestock district if "the enclosed land is accurately and completely described in the petition." Thus, the legislature recognized the possibility that noncontiguous parcels could be part of a livestock district.[4]

Based on the foregoing analysis of the statutory text in context, we conclude that ORS chapter 607 does not require contiguity for annexations of land into an existing livestock district.[5] We therefore reverse and remand.

---

[4] We may also consider legislative history to the extent it is helpful. *Gaines*, 346 Or at 172. Whether we find legislative history helpful in determining the legislature's intent depends on the substance and probative quality of the legis-lative history. *Id*.; *see also* ORS 174.020(3) ("A court may limit its consideration of legislative history to the information that the parties provide to the court. A court shall give the weight to the legislative history that the court considers to be appropriate."). Additionally, "a party seeking to overcome seemingly plain and unambiguous text with legislative history has a difficult task before it." *Gaines*, 346 Or at 172. The legislative history brought to our attention by the parties is not helpful as it does not directly address the contiguity issue for annexations that we are grappling with on appeal. Here, "[w]e decline to supply terms that the legislature ha[d] omitted or to legislate a result that the legislature so far ha[d] not." *Donaldson*, 99 Or App at 434; *see also Wickman v. Housing Authority of Portland*, 196 Or 100, 119, 247 P2d 630 (1952) ("It is not for this court to legislate, but rather to interpret.").

[5] As noted at the outset of this opinion, after the events that took place in this case, ORS chapter 607 was substantially amended by the legislature when it passed House Bill (HB) 3365 (2019). In particular, ORS 607.010, ORS 607.012, ORS 607.013, ORS 607.015, ORS 607.020, ORS 607.025, ORS 607.040, ORS 607.042, and ORS 607.043 were all repealed. Or Laws 2019, ch 450, § 9.

At a House Committee on Agriculture and Land Use hearing on HB 3365, Anne Guerin, a fourth generation rancher from Curry County, testified that this litigation against Weyerhaeuser was the impetus for the bill. Audio Recording, House Committee on Agriculture and Land Use, HB 3365, Mar 28, 2019, at 1:24:15 (comments of Anne Guerin), https://olis.leg.state.or.us (accessed July 31, 2020). Guerin testified that the bill's contiguity requirement for annexations is necessary to protect ranchers from liability and that, if this bill had been in place, this litigation would not have been necessary. *Id*. Likewise, John Swenson, man-ager for Dement, testified that the contiguity requirement for annexation was extremely important to make sure isolated blocks of ground were not annexed

Reversed and remanded.

---

into a livestock district because it creates liability for ranchers who will face the extremely difficult task of fencing around isolated blocks of land. *Id.* at 1:29:05 (comments of John Swenson). Both Guerin and Swenson testified that, although the bill would not be retroactive and fix their issue with Weyerhaeuser in this litigation, this bill was their way to "pay it forward" to other ranchers. *Id.* at 1:24:15 (comments of Anne Guerin), *Id.* at 1:29:05 (comments of John Swenson); *see also* Or Laws 2019, ch 450, § 10 ("Sections 2 to 6 of this 2019 Act, the amendments to ORS 255.305 and 607.080 by sections 7 and 8 of this 2019 Act and the repeal of ORS 607.010, 607.012, 607.013, 607.015, 607.020, 607.025, 607.040, 607.042 and 607.043 by section 9 of this 2019 Act apply to the formation of, annexation to, withdrawal from or dissolution of a livestock district for which an application is made on or after the effective date of this 2019 Act. Any petition regarding a livestock district that is filed before the effective date of this 2019 Act and pending on the effective date of this 2019 Act shall be processed as provided under ORS 607.010, 607.012, 607.013, 607.015, 607.020, 607.025, 607.040, 607.042 and 607.043 (2017 Edition).").

As a result of the enactment of HB 3365, ORS 607.021 provides:

"(1)  A livestock district must contain at least 2,000 acres.

"(2)  A livestock district may not cross the boundaries of a county. Except as provided in subsection (3) of this section, the boundaries of a livestock district must follow subdivision lines of sections, section lines, township lines, donation land claim boundaries or lines, lakes, rivers, the boundary line of this state, public roads or county boundary lines.

"(3)  The boundary of an established livestock district may be used as a boundary for a proposed livestock district if the districts are adjacent to each other and will have a common boundary line.

"(4)  *An area may be annexed to an existing livestock district only if the annexed area is contiguous with the livestock district* and the district boundaries after annexation will meet the requirements in subsection (2) of this section."

Or Laws 2019, ch 450, § 3 (emphasis added). Although we include that information for the interest of the reader, we do not consider it as legislative history because it occurred after the enactment of the statutes that we are construing.